## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TROY TERRELL POPE,** | ) | |
| **AIS #00278311,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 16-00552-CG-N** |
| | ) | |
| **JEFFERSON S. DUNN,** | ) | |
| ***Commissioner of the Alabama*** | ) | |
| ***Department of Corrections,*** | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATIONS

Petitioner Troy Terrell Pope, an Alabama prisoner proceeding *pro se*, initiated the above-styled action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). The Court has referred the petition to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* S.D. Ala. GenLR 72(b); (11/4/2016 electronic reference).

The Respondent, through the Office of the Attorney General of the State of Alabama, timely filed an Answer (Doc. 10) and, in response to the Court's order to expand the record (Doc. 11), certain supplemental materials from the state court record (Doc. 13). After considering the Respondent's Answer (Doc. 10) and

supplemental exhibits (Doc. 13), the undersigned agreed with the Respondent that Pope's petition was filed beyond the one-year statute of limitations for bringing habeas petitions. Thus, Pope was given the opportunity to submit a reply showing cause why his habeas petition should not be dismissed as time-barred. (Doc. 15). Pope has submitted a reply and supporting materials as permitted. (Docs. 17, 18). Pope has also filed a motion dated February 24, 2017, entitled "Petitioner's Motion for Court Order to Issue to Respondents to Comply with Court's Order" (Doc. 12).[1]

Having reviewed the petition, the Respondent's Answer, the records from the state court proceedings, and Pope's reply in accordance with Rule 8(a) of the Rules Governing Section 2254 Cases, the undersigned finds that an evidentiary hearing is not needed, that Pope's habeas petition is due to be **DISMISSED with prejudice** as time-barred, and that his "Motion for Court Order to Issue to Respondents to Comply with Court's Order" (Doc. 12) is due to be **DENIED on the merits in part** and **DENIED as MOOT in part**.

## I.   *Analysis*

### A.   **Statute of Limitations**

As was previously explained in the undersigned's order permitting a reply on the issue of timeliness (*see* Doc. 14), because Pope's habeas petition was filed after April 24, 1996, it is subject to application of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). *E.g.*, *Pope v.*

---

[1] The Court has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (3/3/2017 electronic referral).

*Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1281 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1625 (2013).   Among other things, AEDPA imposes the following time limit for bringing habeas petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).   Nothing in Pope's present petition or his reply supports running his one-year limitations period from any of the dates in § 2244(d)(1)(B) – (D).   Thus, Pope ha[d] "one year from the date his judgment of conviction and sentence bec[a]me[] final to file a petition for a writ of habeas corpus in federal court." *Walton v. Sec'y, Florida Dep't of Corr.*, 661 F.3d 1308, 1310 (11th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)(A)).

Pope challenges a criminal judgment handed down by the Circuit Court of Mobile County, Alabama.[2]   The state court records produced by the Respondent show that, on direct appeal, the Alabama Court of Criminal Appeals affirmed that judgment and then summarily denied his application for rehearing of that decision. (*See* Docs. 10-6, 10-7 [Respondent's Exs. 5 – 6]).   Pope then filed a petition for a writ of certiorari review of that decision with the Alabama Supreme Court, which denied the petition without opinion on June 15, 2012.[3]   (*See* Doc. 10-9 [Respondent's Ex. 8]).   The Court of Criminal Appeals issued a Certificate of Judgment that same date.   (*See* Doc. 10-10 [Respondent's Ex. 9]).   There is no indication in the record that Pope petitioned the United States Supreme Court for a writ of certiorari. Thus, Pope's AEDPA clock began running the day after the 90-day period for filing such a petition expired – September 14, 2012. *See, e.g.*, *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (For purposes of 28 U.S.C. § 2244(d)(1)(A), a "state prisoner's conviction becomes final when the United States Supreme Court denies *certiorari*, issues a decision on the merits, or when the ninety day period in which to file for *certiorari* expires, regardless of whether the defendant raised any federal issues on direct appeal.").[4]

---

[2] Because Pope challenges a criminal judgment handed down by a state court within this judicial district, *see* 28 U.S.C. § 81(c), this Court has jurisdiction to entertain his petition.  *See* 28 U.S.C. § 2241(d).

[3] Applications for rehearing are not permitted for decisions of the Alabama Supreme Court denying certiorari review.  *See* Ala. R. App. P. 39(l).

[4] *See also* Fed. R. Civ. P. 6(a)(1)(A) ("[I]n computing any time period specified in ... any statute that does not specify a method of computing time ... [we must] exclude

"The limitation period is tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review' is pending." *Walton*, 661 F.3d at 1310 (quoting 28 U.S.C. § 2244(d)(2)). The record indicates that Pope, through retained counsel, filed a petition for post-conviction relief under Alabama Rule of Criminal Procedure 32 with the Mobile County Circuit Court on April 19, 2013 (*see* Doc. 10-11 [Respondent's Ex. 10]), thus tolling Pope's AEDPA clock with 217 days elapsed and 148 days left. *See McCloud*, 560 F.3d at 1227 ("a Rule 32 petition is a tolling motion under § 2244(d)(2)"). After holding an evidentiary hearing, the circuit court dismissed Pope's Rule 32 petition by order entered May 9, 2014. (Doc. 10-14 [Respondent's Ex. 13]). Pope then had 42 days (i.e. until June 20, 2014) in which to file a notice of appeal of that order. *See* Ala. R. App. P. 4(a)(1); Ala. R. Crim. P. 32.10(a) ("Any party may appeal the decision of a circuit court according to the procedures of the Alabama Rules of Appellate Procedure to the Court of Criminal Appeals upon taking a timely appeal as provided in Rule 4, Alabama Rules of Appellate Procedure.").

Instead, Pope filed *pro se* a handwritten "motion for extention [sic]" dated June 4, 2014, requesting additional time to file an appeal (Doc. 13-2 [Respondent's Ex. 36] at 6), which the circuit court summarily denied on June 9, 2014 (*see id.* at 8 − 11). On June 17, 2014, Pope, through newly retained counsel Thomas Haas, filed a "Motion for Extention [sic] of Time to File Appeal for Relief." (Doc. 1 at 158

___

the day of the event that triggers the period[.]"); *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (applying Rule 6(a)(1) in computing AEDPA limitations period).

[Petitioner's Ex. 23]).   On June 20, 2014, the circuit court entered an order that construed Haas's motion as one to "reconsider the Order denying the Defendant relief under Rule 32," noted that the circuit court "accept[ed] said Motion," and set it for a hearing July 10, 2014.  (*See id.* at 159 [Petitioner's Ex. 24]).   The hearing was held as scheduled,[5] and that same day the circuit court entered an order summarily denying the motion.   (Doc. 13-2 at 12).   No appeal was ever taken in Pope's first Rule 32 proceedings. (*See* Doc. 10-34 at 2 [Respondent's Ex. 31 − 4/22/2016 Court of Criminal Appeals Memorandum Opinion, p. 2]).

Under § 2244(d)(2), a tolling application "is pending as long as the ordinary state collateral review process is 'in continuance'-i.e., 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.' " *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002).   "Therefore, a state post-conviction application is 'pending' under § 2244(d)(2) both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's timely filing of a petition for review at the next level." *Wade v. Battl*e, 379 F.3d 1254, 1262 (11th Cir. 2004) (per curiam) (citing *Saffold*, 536 U.S. at 220, 226).   Both of Pope's motions to extend the time to file an appeal were denied, and the circuit court was without authority to extend the

---

[5] Pope has filed an unsigned memorandum dated July 10, 2014, that appears to have been authored by Haas, who describes the hearing as follows: "I was in court the morning of July 10, 2014, as ordered by Judge Stout and presented a written statement prepared by [the victim of Pope's crimes] to the judge.   My request for leniency was denied by the judge."  (Doc. 1 at 160 [Petitioner's Ex. 25]).

deadline for an appeal regardless. *See Loggins v. State*, 910 So. 2d 146, 150 (Ala. Crim. App. 2005) (per curiam) ("A court cannot extend, expand, or otherwise modify the time for perfecting an appeal. A court cannot breathe life into a dead appeal." (quotation omitted)). Thus, neither could serve to extend Pope's deadline to appeal the denial of his first Rule 32 petition. Moreover, a "state-court petition for a belated appeal does not trigger a re-examination of a conviction or sentence, and, thus, does not toll the federal statute-of-limitations period." *Pollock v. Sec'y, Dep't of Corr.*, 664 F. App'x 770, 771–72 (11th Cir. 2016) (per curiam) (unpublished) (citing *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1142 (11th Cir. 2015) ("When the state appellate court denied Espinosa's petition for belated appeal, it never considered the merits of his underlying claims. Espinosa's petition for belated appeal never triggered a reexamination of his conviction or sentence and, as a result, failed to toll the federal limitation period.")).

Even deferring to the circuit court's decision to construe Pope's second, counseled motion for an extension of time as a motion for reconsideration of the denial of Pope's first Rule 32 petition,[6] such a motion also did not toll the time for Pope to seek an appeal, and the circuit court had lost jurisdiction to grant such relief because the motion was filed over 30 days from the date the circuit court entered its order denying the first Rule 32 petition. *See Loggins*, 910 So. 2d at 148-49 ("It is well settled that a circuit court generally retains jurisdiction to modify a

---

[6] The one-sentence motion offered no argument in support of reconsideration and requested only "an extension of time to file an appeal…in the Court of Criminal Appeals of Alabama." (Doc. 1 at 158).

judgment for only 30 days after the judgment is entered. This general rule applies to Rule 32 petitions…In the context of a Rule 32 petition, the postjudgment motion frequently filed by petitioners and the one recognized by this Court, is a motion to reconsider or to modify the judgment. However, such a postjudgment motion, even if timely filed, does not extend the circuit court's jurisdiction beyond 30 days after the denial of the petition. Nor does the filing of such a motion toll the time for filing a notice of appeal." (citations omitted)). Because the (construed) motion for reconsideration was untimely, it was not "properly filed" for purposes of § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, **the time limits upon its delivery**, the court and office in which it must be lodged, and the requisite filing fee." (emphasis added) (footnote omitted)); *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) ("[T]ime limits on postconviction petitions are 'condition[s] to filing,' such that an untimely petition would not be deemed 'properly filed.' " (quoting *Artuz*, 531 U.S. at 8, 11).[7]

Accordingly, Pope's AEDPA clock began running again on June 21, 2014, the day after the 42-day period for Pope to appeal the dismissal of his first Rule 32 petition had expired. Though the 148 days remaining on Pope's AEDPA clock

_____

[7] The circuit court provided no explanation for denying Haas's motion in its July 10, 2014 order. (*See* Doc. 13-2 at 12). Nevertheless, "[w]hen a state court has not addressed the timeliness of an application for collateral relief, the federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.' " *Walton*, 661 F.3d at 1312 (quoting *Evans v. Chavis*, 546 U.S. 189, 198 (2006)).

lapsed on November 15, 2014, because that date was a Saturday, Pope had until Monday, November 17, 2014, to file a federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C). Pope did not do so, and his second Rule 32 petition (Doc. 13-3 [Respondent's Ex. 37]), filed *pro se*, was not filed until December 1, 2014, the date Pope certified under penalty of perjury that the petition was being mailed[8] – 14 days after his AEDPA clock had already expired.[9] Thus, even if the second Rule 32 petition was a "properly filed" application for post-conviction relief, which it was not, *see infra*, "it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired." *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003). *See also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition…that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." (quotation omitted)). Therefore, Pope's present habeas petition, filed October 5, 2016, the date he certifies under penalty of perjury

---

[8] *See* (Doc. 13-3 at 8); *Ex parte Allen*, 825 So. 2d 271, 272 (Ala. 2002) ("Alabama courts have held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." (citing *Holland v. State*, 621 So. 2d 373, 375 (Ala. Crim. App. 1993) ("[W]e hold that a pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."))).

[9] The second Rule 32 petition would have been late even deeming it as filed the date Pope signed it, November 26, 2014 (*see* Doc. 13-3 at 9).

that it was delivered to prison officials for mailing,[10] is untimely under § 2244(d)(1)(A).

Even if Pope's two motions for extension of time in his first Rule 32 proceedings could be deemed tolling motions under AEDPA, Pope's present habeas petition would still be untimely under § 2244(d)(1)(A). Excluding the 42 days to appeal following the circuit court's denial of the second, counseled motion on July 10, 2014 (i.e., through August 21, 2014), 101 additional days elapsed on Pope's AEDPA clock by the time he filed his second Rule 32 petition, leaving him 47 days on his one-year statute of limitations. Pope subsequently moved to dismiss his second Rule 32 petition without prejudice, which the circuit court granted by order entered July 28, 2015. (*See* Docs. 10-19 – 10-22 [Respondent's Exs. 18 – 21, Case Action Summaries for Pope's second Rule 32 proceedings]). Prior to the dismissal of his second Rule 32 petition, however, Pope had already filed a third Rule 32 petition with the circuit court.[11] (Doc. 10-28 at 56 – 96 [Respondent' Ex. 27 pt-a, pp. 55 –

---

[10] *See* (Doc. 1 at 12); Rule 3(d) of the Rules Governing Section 2254 Cases.

[11] Pope's third Rule 32 petition was signed and notarized on June 19, 2015, but only states that it was mailed in "June , 2015." (*See* Doc. 10-28 [Respondent's Ex. 27 pt-a] at 62 – 63). The third petition was stamped as being received by the Mobile County circuit court clerk on August 13, 2015, and both the circuit court and Court of Criminal Appeals found that the third petition was filed on that date. (Doc. 10-30 [Respondent's Ex. 27 pt-c] at 25; Doc. 10-34 [Respondent's Ex. 31] at 2). In his *pro se* motion to reconsider the dismissal of his third Rule 32 petition, Pope explains that he "attempted in June of 2015 to have his family file" the third Rule 32 petition but that the circuit court clerk's office refused to accept it because Pope's second Rule 32 petition was still pending. (*See* Doc. 10-30 at 33). After the circuit court granted Pope's motion to voluntarily dismiss his second Rule 32 petition, his family then returned to the clerk's office on August 13, 2015, filing the third Rule 32 petition and paying the requisite filing fee. (*See id.*).

95]); Docs. 10-29 & 10-30 [Respondent's Ex. 27 pt-B & C]). After the circuit court dismissed Pope's third Rule 32 petition, the Court of Criminal Appeals affirmed the dismissal (*see* Doc. 10-34 [Respondent' Ex. 31]), and the Alabama Supreme Court summarily denied certiorari review of that decision on August 12, 2016 (*see* Doc. 10-36 [Respondent's Ex. 33]), with both appellate courts issuing certificates of judgment that same date (*see* Docs. 10-36 & 10-37 [Respondent's Ex. 34]). Thus, in this alternative scenario, Pope's AEDPA clock began running again on August 13, 2016.[12] By the time Pope filed the present federal habeas petition on October 5, 2016, 54 days had elapsed, making the present petition 7 days too late.[13]

In his reply (Doc. 17), Pope concedes that his petition is untimely, but only based on the undersigned's alternative determination that the petition is only 7 days late. He explains various procedural difficulties encountered with the Mobile County Circuit Court in litigating his second and third Rule 32 petitions and claims that he did not "receive[] any legal mail or correspondence from the Mobile County District Attorney office between August 13, 2015 and November 17, 2015." (Doc. 17

---

For purposes of these habeas proceedings, the undersigned treats Pope's third Rule 32 petition as filed on June 19, 2015, the date he signed it.

[12] Unlike on direct appeal, the AEDPA statute of limitations is not tolled during the time to seek certiorari review with the United States Supreme Court of a state court's denial of post-conviction relief. *See Lawrence v. Florida*, 549 U.S. 327, 331–36 (2007).

[13] As will be explained later, neither the second nor third Rule 32 petitions were "properly filed" tolling motions under 28 U.S.C. § 2244(d)(2). However, in the order for Pope to submit a reply on the issue of timeliness, the undersigned, in setting out this alternative scenario, "assume[d] without deciding that the second and third Rule 32 petitions were 'properly filed' tolling applications under 28 U.S.C. § 2244(d)(2)." (Doc. 14 at 7).

at 5). However, because the undersigned has assumed in the alternative scenario that Pope's AEDPA clock was tolled from December 1, 2014, through August 12, 2016, during the pendency of his second and third Rule 32 proceedings, this information is irrelevant. More importantly, Pope presents nothing to refute the primary determination that his AEDPA clock expired on November 17, 2014, thus resulting in his present habeas petition being filed almost 2 years too late.

## B.    Equitable Tolling

Pope argues that he is entitled to equitable tolling of at least some of the period between the dismissal of his first Rule 32 petition and the filing of his second Rule 32 petition because attorney Haas "never prosecuted the appeal [of the dismissal of the first Rule 32 petition] as he was retained to do, and without [Pope]'s knowledge filed a motion to reconsider on July 10, 2014 which the trial court denied, and counsel never said anything else concerning the post-conviction appeal of the denial of the direct post-conviction petition for relief, which said appeal was forfeited." (Doc. 1 at 17. *See also id.* at 54 ("Haas deliberately forfeited [Pope]'s appeal by neglecting to perform the duties in which he was specifically retained and contracted to perform.")).

In support of this contention, Pope alleges as follows:

The Petitioner [Pope] assert that his post conviction counsel [Haas] retained to file his appeal of the denial of his Rule 32 initial review collateral petition had ample time in which to file a proper notice of appeal of the denial of the initial review collateral petition for relief, but instead of proceeding under the terms of the specific acts in which he was contracted to perform, post conviction counsel filed a motion with the Court for 'Extention of Time to File Appeal for Relief in the

Above Cases'…Post conviction counsel filed this motion on 6/17/2014, the order denying the initial review collateral petition was issued on 5/8/2014, which gave [Haas] approximately two (2) more days in which to file a timely one page one paragraph notice of appeal with the accompanying criminal docketing statement and Reporter's Transcript Order Form in lieu of the motion to extend time to file appeal for relief, and motion for reconsideration which this Petitioner never knew about or received notice that this motion for reconsideration has been filed.[14]

The Petitioner assert that his post conviction counsel retained to specifically file an appeal of the denial of the initial review collateral petition, with all his self aggrandizement, should have known that there is nothing in the law that would excuse the untimely filing of the notice of appeal outside the 42 day period, and post conviction counsel should have known with his years of experience that the trial court could not have suspended the time requirement of Rule 4(b), Alabama Rules of Appellate Procedures, which is irreconcilable with the clear proclamation of the Rule and of pertinent case law…The Petitioner asserts that the most unlearned counsel should have known such facts and in this instant post conviction regard, post conviction counsel had time to file two (2) invalid motions with the trial court, either one could have been the timely notice of appeal…

…Not only did post conviction counsel forfeit this Petitioner's right to appeal the denial of his initial review collateral petition by deliberately taking actions that were prejudicial and contrary to the contract terms of his retainment and otherwise unauthorized post conviction counsel proceeded, acting on his own, and submitted an unverified allegedly signed statement by the alleged victim, and the daughter of this Petitioner that was prejudicial and unreasonable under the circumstances of post conviction counsel's specific retainer contract to file an Appeal of the denial of the initial review collateral petition for relief...After failing in his obligations in which he was specifically retained and contracted to perform, and taking such prejudicial actions without first consulting with or being authorized to proceed as he did,

---

[14] As the undersigned previously observed, nothing in the record indicates Haas filed a separate motion to reconsider. Rather, the circuit court appears to have *sua sponte* construed Haas's motion for extension of time as a motion to reconsider.

post conviction counsel Thomas M. Haas never informed this Petitioner nor his family of the actions in which he elected to pursue on his own which were contrary to the actions he were hired to undertake on this Petitioner's behalf which were prejudicial and unauthorized.

(Doc. 1 at 54 – 57).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (2005).

> Equitable tolling is assessed on a case-by-case basis, considering the specific circumstances of the subject case. The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory. The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence. Determining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period. A habeas petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or sentencing.

*Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citations and quotations omitted).[15]

---

[15] The Eleventh Circuit has "stated that '*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations.' *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007) (concerning the one-year limitation period for motions by federal prisoners under 28 U.S.C. § 2255). And [it] ha[s] not accepted a lack of a legal education as an excuse for a failure to file in a timely fashion. *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness") (quoting *Johnson v.*

"[A]ttorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling; either abandonment of the attorney-client relationship,…or some other professional misconduct or some other extraordinary circumstance is required." *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1220 (11th Cir. 2017).[16] *See also Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008) ("When an attorney miscalculates a deadline, fails to adequately raise a potentially meritorious claim, or otherwise makes a run-of-the-mill mistake, a habeas petitioner must live with the consequences of the error."). In order to determine whether equitable tolling is justified in this case, Haas's conduct must be considered in conjunction with the actions of the Mobile County Circuit Court. When Haas filed his motion for extension of time to appeal on June 17, 2014 (a Tuesday), there remained 3 additional days from that date in which a notice of appeal could have been timely filed in Pope's first Rule 32 proceedings. Rather than promptly deny Haas's one-sentence motion for extension of time to appeal – relief the court had already denied Pope once, and which it had no authority to grant regardless under established state precedent, *see Loggins*, 910 So. 2d at 150 – the circuit court waited until the deadline to appeal to enter an

---

*United States*, 544 U.S. 295, 311, 125 S. Ct. 1571, 1582, 161 L. Ed. 2d 542 (2005))."
*Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir.) (per curiam) (unpublished) (denying equitable tolling for untimely § 2254 habeas petition), *cert. denied*, 136 S. Ct. 300 (2015).

[16] "Circumstances other than abandonment can meet the extraordinary circumstance element for equitable tolling. Among them are…pre-Holland circumstances of bad faith, dishonesty, divided loyalty, and mental impairment." *Cadet*, 853 F.3d at 1236.

order construing Haas's motion as one to reconsider the denial of Pope's first Rule 32 petition – relief which was not requested in the motion and which the court no longer had any authority to grant regardless under established state precedent, *see id.* at 148-49 – stating that it was "accept[ing] said Motion" (*see* Doc. 1 at 159), and setting the matter for a hearing well outside the appeal deadline. *Cf. Downs*, 520 F.3d at 1319 (citing Eleventh Circuit cases granting equitable tolling where "the petitioners' untimely filing was caused by erroneous information supplied to them by state courts").

Assuming without deciding that the foregoing constitutes "extraordinary circumstances," Pope has nevertheless failed to show that he exercised "reasonable diligence" in pursuing his rights. *See Cadet*, 853 F.3d at 1225 ("[T]he reasonable diligence and extraordinary circumstance requirements are not blended factors; they are separate elements, both of which must be met before there can be any equitable tolling."). "[A] petitioner's efforts to learn the disposition of pre-federal habeas steps are crucial to determining whether equitable tolling is appropriate." *San Martin v. McNeil*, 633 F.3d 1257, 1269 (11th Cir. 2011). *See also Drew v. Dep't of Corr.*, 297 F.3d 1278, 1288 (11th Cir. 2002) ("A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition."). By the time the circuit court denied Haas's motion on July 10, 2014, there remained a little over four months until Pope's limitations period

expired. However, there is no indication in the record that Pope took any steps during this period that show reasonable diligence in attempting to comply with AEDPA's limitations period. While Pope repeatedly alleges that Haas disregarded express instructions to file a notice of appeal, Pope does not allege any facts indicating that Haas failed to inform him, or significantly delayed informing him, of the disposition of the second motion for extension of time or his failure to perfect an appeal, that he misrepresented to Pope that the motion had been granted, or that an appeal was pending.[17] Pope has also not alleged facts indicating that he

---

[17] "Exhibit 27" attached to Pope's petition is a letter by Haas dated April 2, 2015, that Haas submitted to the Office of the General Counsel of the Alabama State Bar in response to a complaint lodged by Pope against him. (Doc. 1 at 162-63). In it, Haas describes his representation of Pope as follows:

> On June 17, 2014, the undersigned filed a Notice of Appearance in Circuit Court and requested time to file an Appeal to the Court of Criminal Appeals. My Motion was set for July 10, 2015 [sic] by Judge Rick Stout.

> I visited the Defendant in the Metro Jail and had a lengthy conversation with him where he maintained he was not guilty of molesting [the victim]. After talking to him I located and talked to…the alleged victim, who gave me a statement that basically stated that [Pope] had molested her but, she had prayed to God and had forgiven him…

> After talking with Pope again I decided to return a large portion of the retained fee because it was obvious that there was no ground for a Rule 32 relief.

Pope disputes Haas's claim that he met with Pope as claimed in this letter, asserting that Haas "never met with this Petitioner in the Mobile Metro Jail or anywhere else…" (*See* Doc. 1 at 57).

attempted to contact Haas or the Alabama courts regarding the status of his desired

Rule 32 appeal prior to the expiration of his AEDPA limitations period.[18]

*Lowe v. Florida Department of Corrections*, 679 F. App'x 756, 758 (11th Cir.

2017) (per curiam) (unpublished), is instructive. There, a panel of the Eleventh

Circuit Court of Appeals held that a Florida prisoner's "federal habeas corpus

petition, filed on April 23, 2014, was properly dismissed as time-barred by AEDPA's

one year statute of limitations[,]" based on the following factual background:

> Lowe's conviction became final on March 10, 2010, 90 days after the
> denial of his motion for rehearing on direct appeal. At that point, he
> had until March 10, 2011, to file a timely § 2254 petition in federal
> court, absent statutory or equitable tolling. Although Lowe filed a Rule
> 3.850 motion, on August 26, 2010, it did not statutorily or equitably
> toll the limitations period because the state court determined that it
> was improperly filed.
>
> In August 2010, after the limitations period had only been running for
> 169 days, Lowe improperly filed a Rule 3.850 motion, pro se. Upon
> filing, the state court either failed to review the motion, or reviewed

---

[18] *Compare San Martin*, 633 F3.d at 1270 (petitioner failed to show "reasonable
diligence" where he had "not shown (or even averred) that he made any attempt to
contact the [United States ]Supreme Court to learn about the resolution of his case;
that anyone had agreed to contact him as soon as a decision was made concerning
the final disposition of his appeal; that there is any reason the Florida Supreme
Court docket was a better source of information about a Supreme Court ruling than
the Supreme Court docket itself would have been; or even that he contacted his
direct appeal counsel about the pending decision, or anyone else for that matter to
complain that his counsel was not responding to him, if that were the case."), *with
Holland v. Florida*, 560 U.S. 631, 653 (2010) (finding petitioner Holland had
demonstrated "reasonable diligence" when he "not only wrote his attorney
numerous letters seeking crucial information and providing direction; he also
repeatedly contacted the state courts, their clerks, and the Florida State Bar
Association in an effort to have Collins—the central impediment to the pursuit of
his legal remedy—removed from his case. And, the *very day* that Holland discovered
that his AEDPA clock had expired due to Collins' failings, Holland prepared his own
habeas petition *pro se* and promptly filed it with the District Court.").

the motion and found no deficiency, leaving the State with the duty to respond. *See* Fla. R. Crim. P. 3.850. But, it was only after the passing of 165 days—almost one half of Lowe's entire limitations period—that the State finally responded to the motion. At that time, the State requested a dismissal on the grounds of legal insufficiency, based on minor technical deficiencies, namely, exceeding the page limit and the absence of an original signature. These delayed objections led to a dismissal with an empty opportunity to amend, as far as the limitations period is concerned, because Lowe would not have been able to respond in time to statutorily toll the limitations period.

Had the state responded in 30 days, as is suggested, Lowe could have corrected the minor errors and eliminated the need for this case on the docket. *See Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007). Instead, the state's astonishing four month delayed response—based on errors that could have been discovered in the most cursory of inspections—left Lowe in a precarious predicament. While Lowe maintains that his Rule 3.850 motion was "properly filed" within the meaning of § 2244(d)(2), and thus statutorily tolled the limitations period, his argument is unavailing given the deference we owe to the state court in making that determination. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

*Lowe*, 679 F. App'x at 758.

Lowe argued that he was entitled to equitable tolling based on the foregoing circumstances. While the Eleventh Circuit panel suggested that "[t]his unfortunate misstep of procedure may well have been an extraordinary circumstance that contributed to the late filing of Lowe's federal habeas petition[,]" the panel nevertheless found that "Lowe did not *remain* diligent in timely filing his § 2254 petition[,]" as he "failed to show that he attempted to inquire about the delay, and he still waited three months after the limitations period began running again, in January 2014, before he filed his § 2254 petition." *Id.* at 758-59. Similarly, while Haas's failure to appeal the denial of Pope's first Rule 32 petition might have been

an extraordinary circumstance, Pope has failed to show that he remained reasonably diligent after learning of Haas's failure to do so in ensuring that his present habeas petition was timely filed.

Alternatively, even granting Pope equitable tolling due to Haas's failure to appeal would not save his petition from dismissal. The *in forma pauperis* declaration that accompanied Pope's second Rule 32 petition was dated November 17, 2014. (*See* Doc. 13-3 at 29). Thus, it can be reasonably inferred that Pope was at least aware by that date that Haas had failed to successfully appeal.[19] Assuming that Pope is entitled to equitable tolling from June 21 through November 17, 2014, the present habeas petition is still untimely because Pope's second and third Rule 32 petitions were not "properly filed" tolling motions under § 2244(d)(2).

Alabama Rule of Criminal Procedure 32.2(c) imposes a limitations period for filing Rule 32 petitions. As noted previously, "time limits on postconviction petitions are conditions to filing, such that an untimely petition would not be deemed 'properly filed.' " *Pace*, 544 U.S. at 413 (quotation omitted). *Accord Allen v. Siebert*, 552 U.S. 3, 7 (2007) (per curiam) ("We…reiterate now what we held in *Pace* : 'When a postconviction petition is untimely under state law, "that [is] the end of the matter" for purposes of § 2244(d)(2).' 544 U.S., at 414..."). "The fact that Alabama's Rule 32.2(c) is an affirmative defense that can be waived (or is subject to equitable tolling) renders it no less a 'filing' requirement than a jurisdictional time

---

[19] Indeed, Pope explained in the second Rule 32 petition that he had not appealed the denial of his first Rule 32 petition because his "[a]ttorney allowed the 42 days filing a notice of appeal [to] expire." (Doc. 13-3 at 5).

bar would be; it only makes it a less stringent one." *Siebert*, 552 U.S. at 6. "When a state court has not addressed the timeliness of an application for collateral relief, the federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.' " *Walton*, 661 F.3d at 1312 (quoting *Evans v. Chavis*, 546 U.S. 189, 198 (2006)). A court " 'will not allow the tolling of AEDPA's limitations period when it is clear that the petitioner failed to seek timely review in state court.' " *Id.* (quoting *Gorby v. McNeil*, 530 F.3d 1363, 1368 (11th Cir. 2008) (per curiam)).[20]

Under Alabama Rule 32.2(c), a petition under Alabama Rule 32.1(a), claiming that "[t]he constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief[,]" must be "filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala. R. App. P.; or (2) in the case of a conviction not appealed to the Court of Criminal Appeals, within one (1) year after the time for filing an appeal lapses…" Unlike the limitations period for federal habeas petitions, Alabama Rule 32.2(c)'s limitations period is not subject to statutory tolling. Thus,

---

[20] The state circuit court never substantively ruled on any claims in the second Rule 32 petition before granting Pope's motion to voluntarily dismiss it. In its order disposing of the third Rule 32 petition, the circuit court determined that summary dismissal was appropriate because, among other things, the "petition is time-barred on its face." (Doc. 10-30 at 25). However, that order indicates the circuit court construed the third Rule 32 petition as only asserting claims of ineffective assistance of post-conviction counsel in his first Rule 32 proceedings, rather than ineffective assistance of trial counsel. (*See id.* at 23 – 31). In its memorandum opinion affirming the dismissal of the third Rule 32 petition, the Court of Criminal Appeals did not address the issue of timeliness. (*See* Doc. 10-34).

the one-year deadline for Pope to file any Rule 32.1(a) petitions expired after June 15, 2013, one year from the date the Court of Criminal Appeals issued its certificate of judgment in his direct appeal. Pope's second and third Rule 32 petitions were both filed well after that deadline and were thus not "properly filed" for purposes of § 2244(d)(2).

As such, even assuming that Pope is entitled to a combination of statutory and equitable tolling of the federal habeas limitations period from April 19, 2013, through November 17, 2014, the 148 days remaining on Pope's AEDPA clock when he filed his first Rule 32 petition expired in April 2015, and his present habeas petition, filed almost a year-and-a-half later, is still untimely.[21]

### C.    Actual Innocence

In *McQuiggin*[ *v. Perkins*]*,* the Supreme Court held that a federal habeas petitioner can qualify for an equitable exception to the one-year statute of limitation and obtain federal review of his claims about constitutional errors in his state court proceedings if he satisfies the threshold test established in *Schlup*[ *v. Delo*, 513 U.S. 298, 115 S. Ct.

---

[21]    Pope filed a previous habeas petition with this Court on February 19, 2015, which was subsequently dismissed without prejudice on April 21, 2015, on Pope's voluntary motion. *See* (Docs. 10-23 – 10-27 [Respondent's Exs. 22-26]); *Troy T. Pope v. Cynthia Stewart*, S.D. Ala. Case No. 1:15-cv-102-WS-N. As Pope was warned in that case prior to dismissal, however, "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations…" *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005).

To the extent Pope argues he is entitled to habeas relief based on ineffective assistance of his collateral review counsel or on errors of state law, even if such claims are not time-barred for the reasons explained herein, those claims fail because they do not provide a basis for federal habeas relief. *See Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) ("This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief…Moreover,…a state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." (quotation omitted)).

851, 130 L. Ed. 2d 808 (1995)]. *McQuiggin,* 133 S. Ct. [1924,] 1928[
(2013)]. Under that test, the petitioner must "persuade[ ] the [habeas]
court that, in light of the new evidence, no juror, acting reasonably,
would have voted to find him guilty beyond a reasonable doubt." *Id.*
(quoting *Schlup,* 513 U.S. at 329, 115 S. Ct. at 868). The test devised in
*Schlup* is intended to "ensure[ ] that [the] petitioner's case is truly
extraordinary, while still provide petitioner a meaningful avenue by
which to avoid a manifest injustice." 513 U.S. at 327, 115 S. Ct. at 867
(internal quotation marks and citation omitted). The petitioner must
prove that "he is 'actually innocent,' " *id.* at 327, 115 S. Ct. at 867, by
producing "new reliable evidence[22] ... not presented at trial," *id.* at
324, 115 S. Ct. at 865, that "raise[s] sufficient doubt about [his] guilt to
undermine confidence in the result of the trial," *id.* at 317, 115 S. Ct. at
862.

*Brown v. Sec'y, Fla. Dep't of Corr.*, 580 F. App'x 721, 726–27 (11th Cir. 2014) (per

curiam) (unpublished).    The Court cautioned "that tenable actual-innocence

gateway pleas are rare[,]" stressing "that the *Schlup* standard is demanding" and

that "[t]he gateway should open only when a petition presents 'evidence of

innocence so strong that a court cannot have confidence in the outcome of the trial

unless the court is also satisfied that the trial was free of nonharmless

constitutional error.' "   *Perkins*, 133 S. Ct. at 1928, 1936 (quoting *Schlup*, 513 U.S.

at 316).   While a "petitioner's showing of innocence is not insufficient solely because

the trial record contained sufficient evidence to support the jury's verdict[,]" a mere

"showing that a reasonable doubt exists in the light of the new evidence" is not

sufficient.   *Schlup*, 513 U.S. at 329, 331.

---

22 Examples of "new reliable evidence" include "exculpatory scientific evidence,
trustworthy eyewitness accounts, or critical physical evidence…" *Schlup*, 513 U.S.
at 324.

First, although "[t]o be credible" a gateway claim requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," [*Schlup*, 513 U.S.] at 324…, the habeas court's analysis is not limited to such evidence…*Schlup* makes plain that the habeas court must consider " 'all the evidence,' " old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under "rules of admissibility that would govern at trial." See *id.,* at 327–328…(quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970)). Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do." 513 U.S., at 329…The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors. *Ibid*… Because a *Schlup* claim involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record.

*House v. Bell*, 547 U.S. 518, 537–39 (2006). [23]

Pope was convicted of two counts of first-degree sodomy in violation of Ala. Code § 13A-6-63(a)(3), one count of first-degree rape in violation of Ala. Code § 13A-6-61(a)(3), and one count of incest in violation of Ala. Code § 13A-13-3, with the victim of each offense being Pope's daughter T.P.  (*See* Doc. 10-6 at 2).  Pope's habeas petition (Doc. 1) and initial reply (Doc. 17) make conclusory assertions that

---

[23] The undersigned notes that "actual innocence" is not a stand-alone habeas claim, at least in cases not involving the death penalty.  *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007) ("[O]ur precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases.").

he is "actually innocent" of those crimes but offer no specific argument in support.[24] In his supplemental reply, styled a "Motion to Amend Through Due Diligence," Pope submits eleven exhibits "to show cause to innocence of the alleged crimes..." (Doc. 18). However, this evidence fails to satisfy the "demanding" *Schlup* standard:

- Exhibit 1 to his supplemental reply (Doc. 18 at 6 − 9) is simply a copy of a portion the Court of Criminal Appeals's memorandum opinion affirming Pope's convictions on direct appeal, with certain portions highlighted showing that trial witness S.T. referred to Pope as her stepfather in testimony. Exhibit 2 is an unverified computer printout from the electronic archives of the Mobile Country Probate Court that, Pope claims, shows that Pope was not in fact S.T.'s stepfather. Even assuming this evidence is "new" and "reliable," it in no way shows that Pope was "actually innocent" of any of his crimes, which were committed against T.P., his biological daughter.

- Exhibits 3, 4, 5, and 7 (Doc. 18 at 11 − 15, 17 − 18) are letters written by Pope's various counsel to the Office of the General Counsel of the Alabama State Bar in response to various complaints Pope lodged against them (Exhibits 3 and 4 are by Pope's trial counsel; Exhibit 5 is by Pope's first Rule 32 counsel; and Exhibit 7 is by Haas). Exhibits 6 and 10 are receipts purporting to show payments made to Pope's various Rule 32 counsel.

---

[24] Pope's "own self-serving assertions of innocence are insufficient to support his actual innocence claim. 'A reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause.'" *Bates v. Metrish*, No. 07-11073, 2010 WL 1286413, at *11 (E.D. Mich. Mar. 30, 2010) (quoting *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases)).

Exhibits 9 and 11 (Doc. 18 at 20 – 23, 25 – 26) consist of the following documents from Pope's first Rule 32 proceedings: (1) Haas's motion for extension of time; (2) the circuit court's order construing the motion as one for reconsideration and setting it for hearing July 10, 2014; (3) Haas's memorandum describing what occurred at the hearing, *see supra*, n.5; and (4) the circuit court's order denying the motion to reconsider. None of these exhibits constitute "new reliable evidence," nor do they demonstrate that Pope is "actually innocent" of any of his crimes of conviction.

- Exhibit 8 (Doc. 18 at 19) is a statement purportedly executed by T.P. on July 9, 2014, and presented to the circuit court by Haas at the July 10, 2014 hearing. Far from showing "actual innocence," this statement indicates that Pope is indeed guilty of his crimes against T.P. but that T.P. "forgave father Troy Pope Sr. for what he has done to" her.

The undersigned notes that Pope attached to his habeas petition affidavits by three individuals claiming that T.P. admitted to them that she had lied about what Pope did to her, and that this was part of a scheme between T.P. and her mother. (Doc. 1 at 73 – 75 [Petitioner's Exs. 5 – 7]. A fourth affiant claims she is of the opinion that Pope is innocent to due to purported inconsistencies in T.P.'s statements. (*Id.* at 78 – 79 [Petitioner's Ex. 9]). As noted previously, T.P. herself has not recanted her testimony, and reasonable jurors could still have chosen to credit it, especially when considered in conjunction with the testimony of S.T., who also testified to abuse by Pope and whose testimony the Court of Criminal Appeals

found was properly admitted "to prove motive and to prove a common plan or scheme." (Doc. 10-6 at 9). "While the 'new evidence' P[ope] has offered might have strengthened P[ope]'s defense if presented at trial, P[ope] has not offered sufficient 'new evidence' of the powerful kind that would individually or collectively 'show that it is *more likely than not* that *no reasonable juror* would have convicted him in the light of the new evidence.' " *Kuenzel v. Comm'r, Ala. Dep't of Corr.*, 690 F.3d 1311, 1318 (11th Cir. 2012) (per curiam) (quoting *Schlup*, 115 S. Ct. 851, 867 (emphasis added)). "Taking all the evidence into account,[25] [the undersigned] conclude[s] that some reasonable jurors—weighing what was available at trial and what has since been presented—would have found P[ope] guilty." *Id.*

Accordingly, the undersigned finds that Pope is not entitled to utilize the *Schlup* "actual innocence" gateway to excuse the untimeliness of his habeas petition.

## D. Motion for Order Directing Respondent to Produce Additional Records

In the Court's order directing service of Pope's petition on the Respondent, the Respondent was ordered to "strictly comply with the requirements of Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts, which requires, in pertinent part, that the answer indicate what transcripts (of pretrial,

---

[25] The undersigned relies primarily on the summary of the trial evidence in the Court of Criminal Appeals's memorandum opinion affirming Pope's convictions on direct appeal (Doc. 10-6) as a statement of the "old evidence." *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

trial, sentencing, and post conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed." (Doc. 4 at 1). The order further notified the Respondent that "Rule 5 also requires that Respondent attach to the answer such portions of the transcript deemed relevant." (*Id.*). Pope's motion entitled "Petitioner's Motion for Court Order to Issue to Respondents to Comply with Court's Order" (Doc. 12) asserts that the Respondent has failed to produce certain records in accordance with Rule 5 and the Court's service order, and requests that the Court order their production.

Under Rule 5(c) of the Rules Governing § 2254 Cases, "[t]he respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of transcribed recordings be transcribed and furnished." Additionally, under Rule 6 of the Rules Governing § 2254 Cases, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery…A party requesting discovery must provide reasons for the request." However, "[t]he Supreme Court has recognized that '[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course.' " *Isaacs v. Head*, 300 F.3d 1232, 1248 (11th Cir. 2002) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). "In interpreting the 'good cause' portions of [Rule 6(a)], the Supreme Court noted that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is

the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Id.* (quoting *Bracy*, 520 U.S. at 908-09 (citation and quotation omitted)). "Thus, good cause for discovery cannot arise from mere speculation." *Arthur v. Allen*, 459 F.3d 1310, 1311 (11th Cir. 2006) (per curiam).

To the extent the Respondent should have produced any of the material identified in the motion as part of his obligations under Rule 5, that error was harmless, as none of the material would change the outcome recommended herein. To the extent the motion is one for leave to conduct discovery as to the requested materials, Pope has failed to show "good cause" entitling him to such, as the motion offers nothing beyond "mere speculation" that the requested materials may be relevant to his claims. At the very least, he has failed to show "good cause" that any of it would be relevant on the issue of timeliness as addressed herein.

Accordingly, the undersigned finds that Pope's "Motion for Court Order to Issue to Respondents to Comply with Court's Order" (Doc. 12) is due to be **DENIED** on the merits to the extent it seeks leave to conduct discovery under Rule 6 on the issue of timeliness, and is otherwise due to be **DENIED as moot**.

## E.    Certificate of Appealability

In § 2254 actions such as this one, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas

corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).

"A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337. Where, as here, habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In all cases, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).

Upon consideration, the undersigned finds that Pope should be **DENIED** a Certificate of Appealability as to the present habeas petition because reasonable jurists would not find it debatable whether the Court was correct in dismissing Pope's petition as time-barred under § 2244(d)(1)(A). Thus, the undersigned need not determine whether Pope has made a substantial showing of the denial of a

constitutional right.[26]

## F.    Appeal *In Forma Pauperis*

Pope was granted leave to proceed *in forma pauperis* in this action.  (*See* Doc. 4).[27]  "A party who was permitted to proceed in forma pauperis in the district-court action…may proceed on appeal in forma pauperis without further authorization, unless…the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding…"  Fed. R. App. P. 24(a)(3)(A).  *See also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the

---

[26]    Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).
        Should the Court adopt this recommendation and deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[27] Despite this, Pope subsequently paid the $5 filing fee.  (*See* Doc. 5).

issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Pope in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[28]

---

[28] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## II.    *Conclusion*

In accordance with the foregoing analysis, it is **RECOMMENDED** that the Pope's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED with prejudice** as time-barred, that the Court find Pope is not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*, and that final judgment be entered accordingly in favor of the Respondent.  It is further **RECOMMENDED** that Pope's "Motion for Court Order to Issue to Respondents to Comply with Court's Order" (Doc. 12) be **DENIED** on the merits to the extent it seeks leave to conduct discovery on the issue of timeliness under Rule 6 of the Rules Governing § 2254 Cases, and that it otherwise be **DENIED as moot**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the

consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 18th day of January 2018.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**